IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

MARYANN LaRUE,

    Plaintiff, on her own behalf, and for
    all those similarly situated pursuant to
    29 U.S.C. § 216(b),

                                        Civil Action No: 7:17cv162

v.

MOMS IN MOTION, INC.,

Serve:
Registered Agent Keri Ayres
114 Erin Drive
Warrenton, Virginia 20186

    Defendant.

## COMPLAINT

The above-named Plaintiff, Maryann LaRue, (hereinafter, "the Representative Plaintiff"), by counsel, states as her Complaint against Defendant, Moms-In-Motion, Inc., (hereinafter, "MIM"), the following:

### I. JURISDICTION

Pursuant to the enforcement mechanisms of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (hereinafter, "FLSA"), the Representative Plaintiff brings this action on behalf of herself as well as all those similarly situated (hereinafter, "Collective Action Members"). This Court has jurisdiction over this matter as it arises from the federal questions presented by the FLSA, as codified under 29 U.S.C. §§ 206, 207 and 216; *see also* Title 28 U.S.C. §§ 1331, 1337, 2201, and 2202. The FLSA allows employees to initiate legal actions for themselves and on

1

behalf of similarly situated others. Specifically, the statute authorizes "one or more employees" to initiate a suit "for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b); s*ee also Smith v. Central Security Bureau, Inc.*, 231 F. Supp. 2d 455, 461 (W.D. Va. 2002) (noting that the United States Court of Appeals for the Fourth Circuit has never expressly foreclosed the possibility that a plaintiff or group of plaintiffs could bring an action in dual individual and collective capacities, so long as the complaint clearly has put the employer and the court on notice of such).

Venue is proper in this Court. A substantial part of the acts and/or omissions of Defendant from which the causes of action arise, occurred within the Western District of Virginia. *See* 28 U.S.C. § 1391(b). Specifically, the Representative Plaintiff resided and worked in and near Roanoke, Virginia during her employment with Defendant.

## II. THE PARTIES

1. The Representative Plaintiff and Collective Action Members are all either current or former "Service Facilitators" or "Senior Service Facilitators" (hereinafter "Facilitators") for MIM. MIM Facilitators provide social worker support services for youth, adults and families with disabilities. Other companies in this industry refer to the employees who perform similar services as "Case Workers" or "Clinicians".

2. The Representative Plaintiff, a resident of Montgomery County, and Collective Action Members, at all times relevant to the Complaint, were "employees"

2

of MIM, as that term is defined in 29 U.S.C. § 203(e)(1).

3. The Representative Plaintiff was a Facilitator for MIM from February 3, 2015 through February 8, 2017. Her decision to opt-in to this collective action is evinced by **Exhibit A** hereto.

4. MIM is a corporation incorporated and with its principal place of business in the Commonwealth of Virginia. MIM provides social worker services throughout the Commonwealth.

5. At all times relevant to the Complaint, MIM was an "enterprise engaged in the commerce or the production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1).

6. At all times relevant to the Complaint, MIM was an "employer" of Representative Plaintiff, as that term is defined in 29 U.S.C. § 203(d), and bound to comply with FLSA wage and overtime compensation requirements.

### III. FACTUAL BACKGROUND

7. At all times relevant to the Complaint, MIM violated the FLSA in four ways:

    A) MIM knowingly and improperly misclassified the Representative Plaintiff and Collective Action Members as exempt "professional" or "administrative" employees pursuant to the FLSA.

    B) The Representative Plaintiff and Collective Action Members were

entitled to overtime wages, but due to their improper misclassification, MIM failed to appropriately compensate the Representative Plaintiff and Collective Action Members.

C) Even if the Representative Plaintiff and Collective Action Members were initially properly classified as exempt employees, MIM's fee-basis payment system, in practice, abrogated the exemption.

D) Even if the Representative Plaintiff and Collective Action Members were initially properly classified as exempt employees, MIM's fee-basis payment system, in practice, resulted in improper salary deductions and abrogated the exemption.

8. As "Facilitators," the job duties of the Representative Plaintiff and Collective Action Members included but were not limited to: visit with clients to identify issues, identifying services that suit clients, interviewing clients to asses client needs, direct appropriate services to client, draft reports and visitation paperwork, doing an initial client "intake", assisting the client in filling out paperwork, uploading information into specialized software, ensuring that time sheets are properly documented, attending meetings with staff, attending meetings with clients, and participate in training sessions.

9. Upon information and belief, MIM knowingly and in bad faith improperly classified Facilitators as either "professional" or "administrative" employees who were exempt from the overtime pay requirements of the FLSA. The actual job duties of the Facilitators did not support either of these exemptions.

10. As it relates to the improper "professional" exemption, Facilitators were not required to have knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instructions. Indeed, in practice, Facilitators were not required to possess advanced degrees or nursing licenses.

11. As it relates to the improper "administrative" exemption, the primary duties of Facilitators did not include the performance of "office" work related to the management or general business operations of the employer nor did the Facilitators exercise discretion and independent judgment with respect to matters of significance.

12. Facilitators were paid a set fee per visit with each client of MIM.

13. Every Facilitator was paid a varying amount from week to week and no Facilitators received overtime compensation even if they worked more than forty (40) hours per week.

14. MIM utilized a fee[1] basis payment system for Facilitators.

## COUNT I: CLAIM FOR VIOLATION OF THE FLSA
### Misclassification

20. Plaintiff incorporates by reference herein the preceding paragraphs of

---

[1] Pursuant to 29 C.F.R. § 541.605(a), administrative and professional employees may be paid on a "fee basis," rather than on a salary basis. An employee will be considered to be paid on a "fee basis" within the meaning of these regulations if the employee is paid an agreed sum for a single job regardless of the time required for its completion. Payments based on the number of hours or days worked and not on the accomplishment of a given single task are not considered payments on a fee basis.

this Complaint.

21. Upon information and belief, MIM knowingly and in bad faith improperly classified Facilitators as either "professional" or "administrative" employees who were exempt from the overtime pay requirements of the FLSA.

22. The actual job duties of the Facilitators did not support either of these exemptions.

23. Accordingly, the Representative Plaintiff and Collective Action Members were not classified properly as exempt employees and/or the exemption was abrogated.

24. At all times relevant to the Complaint, MIM was fully aware of the exemption requirements of the FLSA and knew or should have known that the Representative Plaintiff and Collective Action Members did not qualify for any exemption from these requirements.

25. MIM willfully and unlawfully ignored the exemption requirements of the FLSA.

26. MIM cannot show that its violations of the FLSA were in good faith and that it has reasonable grounds for believing that its acts or omissions were not violations of the FLSA.

27. As used herein, "willful" is meant in accordance with 29 U.S.C. § 255(a), and "good faith" and "reasonable grounds" is meant in accordance with 29 U.S.C. § 260.

28. MIM is liable under the FLSA to the Representative Plaintiff and Collective Action Members for actual and liquidated damages for its willful and bad faith misclassification as described above.

## COUNT II: CLAIM FOR VIOLATION OF THE FLSA
### Failure to Pay Overtime

29. Plaintiff incorporates by reference herein the preceding paragraphs of this Complaint.

30. At all times relevant to the Complaint, the Representative Plaintiff and Collective Action Members were not compensated for, including but not limited to, paperwork completion, staff meetings, team meetings, monthly supervision meetings, travel time, mileage, fuel costs, telephone calls, emails, training sessions and practically any other job function that occurred outside of the physical presence of a client of MIM.

31. The Representative Plaintiff and Collective Action Members regularly worked more than forty (40) hours per week for MIM.

32. The Representative Plaintiff and Collective Action Members were not exempt from the overtime compensation requirements of the FLSA.

33. Under the FLSA, MIM was required to compensate the Representative Plaintiff and Collective Action Members at the appropriate rate of overtime pay for each hour over forty (40) they worked in a week in addition to, at least minimum

wage for all job-related services provided to MIM and clients of MIM by Facilitators when Facilitators did not work in the presence of a client of MIM.

34. MIM, acting in bad faith, refused to compensate the Representative Plaintiff and Collective Action Members at the overtime rate mandated by the FLSA and refused to pay for work performed outside the presence of a client of MIM.

35. At all times relevant to the Complaint, MIM was fully aware of the overtime compensation requirements of the FLSA and knew or should have known that the Representative Plaintiff and Collective Action Members did not qualify for any exemption from these requirements.

36. MIM willfully and unlawfully misclassified the Representative Plaintiff and Collective Action Members as exempt employees in order to avoid the overtime compensation requirements of the FLSA.

37. MIM cannot show that its violations of the FLSA were in good faith and that it has reasonable grounds for believing that its acts or omissions were not violations of the FLSA.

38. As used herein, "willful" is meant in accordance with 29 U.S.C. § 255(a), and "good faith" and "reasonable grounds" is meant in accordance with 29 U.S.C. § 260.

39. MIM is liable under the FLSA to the Representative Plaintiff and Collective Action Members for actual and liquidated damages for its willful and bad faith failure to pay overtime as described above.

WHEREFORE, Representative Plaintiff Maryann LaRue and Collective Action Members respectfully request the following relief from the Court:

A. That the Court certify this matter as an opt-in collective action pursuant to 29 U.S.C. § 216(b);

B. That the Court grant declaratory judgment that MIM violated the FLSA;

C. That the Court enjoin MIM from further violations of the FLSA pursuant to 29 U.S.C. § 217;

D. That the Court order MIM to pay the Representative Plaintiff and Collective Action Members compensatory and actual damages and an equal amount of liquidated damages as provided by the FLSA;

E. That the Court award reasonable attorneys' fees and costs as provided by the FLSA;

F. That the Court award prejudgment and post-judgment interest; and

G. That the Court award such other and further relief as may be just and equitable.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

MARYANN LARUE,

Plaintiff, on her own behalf, and for all those similarly situated pursuant to 29 U.S.C. § 216(b)

_____
Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh R. Strelka, Esq. (VSB # 73355)
STRELKA LAW OFFICE, PC
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA 24011
Tel: 540-283-0802
thomas@strelkalaw.com
leigh@strelklaw.com

*Counsel for Plaintiff*